UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN J. JOHNSON,

                           Plaintiff,

     -v-                                     9:12-CV-00210

BRIAN FISCHER, Commissioner of Corrections;
and HAROLD H. GRAHAM, Superintendent,
Auburn Correctional Facility,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

KEVIN J. JOHNSON
98-B-0132
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021
PRO SE

HON. ERIC T. SCHNEIDERMAN          CATHY Y. SHEEHAN, ESQ.
Attorney General for the State of New York   Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

       Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983.  On October

17, 2012, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, advised, by

Report-Recommendation that defendant Fischer's motion to dismiss be granted with leave to

amend the complaint and that defendant Graham's motion to dismiss be denied. Plaintiff timely filed objections to the Report-Recommendation.

Based upon a de novo review, the Report-Recommendation is accepted. See 28 U.S.C. § 636(b)(1).

In light of plaintiff's pro se status, he will be permitted an opportunity to submit an amended complaint within **thirty (30) days** from the date of the filing of this Decision and Order. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth allegations of fact against both named defendants sufficient to state a claim upon which relief may be granted for the violation of plaintiff's constitutional rights. Plaintiff is advised that his failure to file an amended complaint will result in **dismissal of his claims against defendant Fischer** without further order.

If plaintiff submits an amended complaint, he is encouraged to describe the acts of misconduct alleged therein and identify each individual who participated in the misconduct. Moreover, plaintiff is advised that his amended complaint must be a complete pleading that will replace and supersede the original complaint in its entirety. In preparing his amended complaint, plaintiff is reminded that the personal involvement of a defendant is a prerequisite for the assessment of liability in a § 1983 action, see McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977); and the doctrine of respondeat superior is inapplicable to these claims, see Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir. 1973). A defendant is personally involved if he "'directly participated in the infraction.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)). In addition, a defendant in a supervisory capacity can be

personally involved in a constitutional deprivation if, after learning of a violation through a report or appeal, he failed to remedy the wrong; if he created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue; or if he was grossly negligent in managing subordinates who caused the unlawful condition or event. See id. (quotations omitted). An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority." Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996) (citations omitted). Thus, any amended complaint filed by plaintiff must include allegations of fact against each defendant sufficient to demonstrate their personal involvement in the matters complained of.

The Clerk of the Court shall send plaintiff a copy of his original pleading and the form complaint available for use by litigants in § 1983 actions to assist plaintiff in preparing an amended complaint. Plaintiff is advised that his failure to submit an amended complaint **within thirty (30) days** of the filing date of this Memorandum-Decision and Order, will result in the **dismissal of his claims against defendant Fischer** without further order.

Therefore, it is

ORDERED that

1. Defendant Graham's motion to dismiss is DENIED;

2. Defendant Fischer's motion to dismiss is GRANTED with leave to amend;

3. Plaintiff is granted leave to file an amended complaint within **thirty (30) days** from the date of the filing of this Decision and Order. If plaintiff fails to file an amended complaint within thirty (30) days, plaintiff's **claims against defendant Fischer** will be dismissed without further order; and

- 3 -

4. The Clerk of the Court send plaintiff a copy of his original pleading and the form complaint available for use by litigants in § 1983 actions.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 19, 2012
       Utica, New York.